IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BROCK B. BARRETT and
SUZANNE A. (HOGAN) KENT-BARRETT,

                    Plaintiffs,                         OPINION & ORDER

        v.
                                                        17-cv-610-jdp
JOE IDSTEIN and KRIS KIEL,

                    Defendants.[1]

---

Pro se plaintiffs Brock B. Barrett and Suzanne A. (Hogan) Kent-Barrett bring this action alleging that defendant U.S. Probation Officers Joe Idstein and Kris Kiel have violated their constitutional right to marriage by enforcing the court-ordered conditions of their supervised release. Dkt. 4. I granted them leave to proceed *in forma pauperis* pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 7 and Dkt. 8. Defendants now move to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Dkt. 16.

For the reasons set forth below, I will grant defendants' motion and this case will be dismissed with prejudice.

---

[1] The court has updated the caption to reflect the proper spelling of Defendant Idstein's last name.

ALLEGATIONS OF FACT

I draw the following facts from the plaintiffs' complaint, Dkt. 4, and publicly available court records in *United States v. Brock Barrett*, No. 13-cr-152 (W.D. Wis. filed Dec. 5, 2013); *United States v. Suzanne Hogan*, No. 09-cr-129 (W.D. Wis. filed Sept 16, 2009); and *United States v. Brock Barrett*, No. 07-cr-50069 (N.D. Ill. filed Dec. 18, 2007). I accept the facts in plaintiffs' complaint as true for purposes of reviewing defendants' motion to dismiss. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). I summarized plaintiffs' allegations in my screening order, Dkt. 8, and so I will repeat only the pertinent allegations here.

Plaintiffs are both convicted felons, and both have been subject to federal supervision because of their criminal convictions. They were married on July 6, 2015, and have wanted to live together as a couple ever since. Dkt. 4, at 5. They have both asked their probation officers and the courts for permission to do so, but their requests have been denied. Instead, they have been told "to dissolve the marriage or face further violations of probation." *Id.*

ANALYSIS

Defendants move to dismiss plaintiffs' *Bivens* claim for failure to state a claim upon which relief may be granted. I note that in reviewing defendants' motion, I construe the allegations in plaintiffs' complaint in the light most favorable to the plaintiffs, accepting their well-pleaded facts as true and drawing all permissible inferences in their favor. *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, I recognize that pleadings filed by a pro se litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, to survive a motion to dismiss,

plaintiffs still must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court recently set forth a two-step test to determine if a *Bivens* claim may proceed. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). First, a court must determine whether the claim presents a new *Bivens* context. *Id.* at 1864. Second, if the context is new, the court must determine whether there are any "special factors counseling hesitation" before extending the remedy to a new context. *Id.* at 1858.

Defendants argue plaintiffs' case must be dismissed because a claim against federal probation officers for violating the constitutional right to marriage is a new *Bivens* context. Further, they argue that because alternative methods of relief are available to plaintiffs, this case does not present the type of very limited circumstance that would call for an extension of *Bivens*. For the following reasons, I agree.

## A. New *Bivens* context

The test to determine if a *Bivens* claim presents a new context "is whether the case is different in a meaningful way from previous *Bivens* cases." *Abbasi*, 137 S. Ct. at 1859. Factors a court may consider to determine if the context is new include the "constitutional right at issue," the "rank of the officers involved," and the "legal mandate under which the officer was operating." *Id.* at 1860.

The only three cases in which the Supreme Court has recognized a *Bivens* remedy are: (1) A Fourth Amendment claim against FBI agents for handcuffing a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment gender discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228

(1979); and (3) an Eighth Amendment claim against prison officials for failure to provide adequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980).

These cases all differ from plaintiffs' claim in meaningful ways. They did not address the right to marriage recognized in *Zablocki v. Redhail*, 434 U.S. 374 (1978). They were not brought against probation officers. And, finally, they did not concern federal actors whose actions were taken pursuant to a court order. Therefore, I find that plaintiffs' claim presents a new *Bivens* context and proceed to consider whether any special factors counsel against extending *Bivens* into this new area.

**B. Special factors counsel hesitation in extending *Bivens***

The *Abbasi* Court stated that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). The Court made it "clear that a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18).

Among the factors that may cause a court to hesitate before expanding the *Bivens* remedy is "the existence of alternative remedies," which "usually precludes a court from authorizing a *Bivens* action." *Id.* at 1865. Additional special factors include any "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Id.* at 1858.

I find that multiple special factors, including the existence of alternative remedies, counsel against extending a *Bivens* remedy in this case.

First, plaintiffs could have filed a motion for modification or clarification of the terms of their supervised release with their sentencing courts pursuant to 18 U.S.C. § 3583(e)(2). Section 3583(e)(2) authorizes challenges to a term of supervised release that "arguably is

facially invalid or even unconstitutional." *United States v. Neal*, 810 F.3d 512, 520 (7th Cir. 2016). A § 3583(e)(2) motion challenging "the current legality of conditions of supervised release" may be brought "at any time" that a supervisee is subject to the condition. *Id.* at 518.

Second, plaintiffs could have petitioned their sentencing court to vacate the challenged conditions of supervision by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[2] Conditions of federal supervised release are part of a defendant's sentence, therefore a § 2255 habeas petition may be used to request a court "vacate an illegal conviction or sentence." *Id.* at 516; *see Suggs v. United States*, 705 F.3d 279, 281 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal.").

I note that in *United States v. Suzanne Hogan*, plaintiff Kent-Barrett has twice sent letters to her sentencing court requesting that plaintiff Barrett be allowed to move from Illinois to the Western District of Wisconsin. No. 09-cr-129, Dkt. 48 and Dkt. 50. In response to both letters, the court informed Kent-Barrett that the terms of her husband's supervision were beyond the scope of the court's authority. *Id.*, Dkt. 49 and 51. Because Kent-Barrett did not challenge the conditions of her own supervision and the court therefore did not rule on their legality, I cannot find the Kent-Barrett has exhausted the alternative remedies available to her before filing this *Bivens* claim.

Finally, extension of a *Bivens* remedy would allow for an untold number of claims from both offenders and their affected spouses seeking monetary damages for violations of their right

---

[2] Plaintiffs' claim is based solely upon the constitutionality of the conditions of their federal supervision. If the constitutionality of state-ordered conditions of supervision were at issue, a writ of habeas corpus could be filed pursuant to 28 U.S.C. § 2254 after all available state administrative remedies were exhausted. *See Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003).

to marriage. While Congress has the power to create the right to bring such actions, it has not done so. I will not extend *Bivens* to authorize these actions either, especially in light of the alternative remedies discussed above.

In sum, I find that plaintiffs' case seeks a *Bivens* remedy in a new context. Because special factors counsel hesitation in extending a *Bivens* remedy to this new context, I decline to do so. Therefore, plaintiffs' case must be dismissed for failure to state a claim upon which relief may be granted.[3]

ORDER

IT IS ORDERED that:

1.  Defendants' motion to dismiss, Dkt. 16, is GRANTED.

2.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered February 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[3] Because plaintiffs' case is subject to dismissal for failure to state a claim upon which relief may be granted, I do not reach defendants' additional arguments.